**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

UNITED STATES OF AMERICA *ex rel.*
ROBERT A. GREEN; HOLLY A.
TAYLOR; and STATE OF FLORIDA,

        Plaintiffs,

v.                                  Case No. 5:11-cv-406-Oc-37TBS

INSTITUTE OF CARDIOVASCULAR
EXCELLENCE, PLLC; ICE HOLDINGS,
PLLC; ASAD ULLAH QAMAR; and
HUMERA A. QAMAR,

        Defendants.

## ORDER

This cause is before the Court on its own motion. On July 15, 2011, Relator Robert A. Green filed this *qui tam* action against Defendants for alleged violations of the False Claims Act (the "Act"), 31 U.S.C. § 3279. (Doc. 1.) On June 13, 2014, Relator Holly A. Taylor filed a similar *qui tam* case against Asad Qamar and the Institute of Cardiovascular Excellence. (*See* Doc. 10, ¶ 12); *see also United States ex rel. Holly Taylor v. Asad Qamar, et al.*, No. 8:14-cv-1454-T-35EAJ. On December 22, 2014, the United States (the "Government") intervened in both cases, and on April 9, 2015, the cases were consolidated. (Doc. 9; Doc. 10, ¶ 10; *see also* Doc. 2.) On April 20, 2015, the Government filed a seven-count consolidated complaint, alleging, *inter alia*, four violations of the Act (the "*Qui Tam* Case"). (Doc. 10.)

Currently pending is Defendants' Amended Motion for Preliminary Injunction or,

Alternatively, an Injunction Pursuant to Inherent Authority, to Preserve the Status Quo and Enjoin Ongoing Retaliation. (Doc. 18.) Defendants seek a preliminary injunction to enjoin the Government from enforcing a suspension of their Medicare payments that was implemented one week after the breakdown of settlement discussions for the *Qui Tam* Case in February of 2015. (*Id.*) The Court ordered an expedited briefing schedule on the Motion (*see* Docs. 20, 29, 30) and heard argument on May 29, 2015 (*see* Doc. 39).

The Court understands the parties' positions to be as follows. Defendants, relying on the temporal proximity between the breakdown in *qui tam* settlement discussions on February 27, 2015, and the implementation of the suspension decision on March 6, 2015, allege that the Government acted in a bad faith retaliatory manner in response to their engagement in protected activity, to wit: the exercise of a 5th amendment right to defend against the Government's claim of fraud, sufficient to invoke the Court's inherent authority to enter an injunction to maintain the status quo. (Doc. 18, pp. 16–17, 19–21; Hr'g Tr. 9–14, 16–17, 41–43.)[1] The Government denies any retaliatory motive or causal connection between the two events. (Doc. 29, pp. 14–17; Hr'g Tr. 20, 22–23, 27. 31–32, 34, 36–37.) The Government points to an affidavit from a Director within the Center for Medicare and Medicaid Services ("CMS"), Zabeen Chong, who avers that the steps to implement the temporary suspension began in January of 2015. (Doc. 29-1; *see also* Hr'g Tr. 46). Defendants were not able to respond to Plaintiff's affidavits with any new evidence of their own (*see* Doc. 20 ("Defendants may file a reply . . . which shall not include any new issues, rebuttal affidavits, or other evidence in support."), but they assert that Director

---

[1] Citations to the transcript from the May 29, 2015 hearing are based on the rough draft of the transcript. The Court presumes the pagination of the final draft will be very similar.

2

Chong was not the individual who formally approved the suspension order (Hr'g Tr. 16–17, 39–40, 48) and that the Government did not rebut their *prima facie* showing of a temporal connection (Hr'g Tr. 39). Defendants argue that the Court should weigh these facts when considering the causation issue. (Hr'g Tr. 16–17, 39–40.)

The temporal proximity of the suspension decision to the Government's appearance in the *Qui Tam* Case and the breakdown of settlement discussions raises the index of suspicion of concerted action between the Department of Justice and CMS. However, the record before the Court is not sufficient to reach a determination that Defendants have a substantial likelihood of success on their claim of bad faith retaliation so as to invoke the Court's inherent power to enter a status quo injunction. Thus, the Court will reserve ruling on Defendants' Motion pending development of the record through limited, expedited discovery.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Between now and **Friday July 24, 2015**, the parties have leave to conduct discovery on the limited issue of the causal connection necessary for retaliation—that is, the connection between the administrative suspension of payments and the parallel qui tam litigation and the presence or absence of any bad faith or retaliatory motive on the part of the U.S. Department of Health and Human Services in suspending or revoking Medicare payments.

2. The parties are authorized to take deposition testimony in an aggregate amount not to exceed ten (10) hours total, per side, allocated among witnesses as counsel see fit. The parties are strongly encouraged to work cooperatively in the scheduling of any depositions and to produce

necessary witnesses without the formality of subpoena where possible without adversely impacting the substantial rights of the parties or witnesses.

3. While the Court envisions that the parties will find deposition to be the most useful, other forms of discovery may be utilized. A single, narrowly tailored request for documents must be responded to within fourteen (14) days for both sides. Narrow and specific interrogatories, not to exceed ten (10) in number, must be responded to within fourteen (14) days, absent extensions granted for good cause. Counsel are free to agree to extend these time periods so long as any extension is not claimed as grounds to modify any part of the Court's schedule or to request an extension of the expedited discovery period.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 2, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

4