**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

UNITED STATES OF AMERICA, ex rel.
ROBERT A. GREEN and HOLLY A.
TAYLOR,

       Plaintiff,

v.                          Case No. 5:11-CV-00406-10TBS

DR. ASAD U. QAMAR and the
INSTITUTE OF CARDIOVASCULAR
EXCELLENCE, PLLC,

       Defendants.

_____/

**DEFENDANTS' CONSOLIDATED ANSWER TO
THE UNITED STATES' CONSOLIDATED COMPLAINT IN INTERVENTION**

**RESPONSE TO PLAINTIFF'S ALLEGATIONS**

     Defendants hereby respond to the numbered paragraphs of Plaintiff's Consolidated

Complaint in Intervention ("Complaint") (and unless otherwise specifically indicated below, all

allegations of the Complaint are denied):

**I.      INTRODUCTION**

     1.      This paragraph is an assertion of law that need not be admitted or denied, but to

the extent that it is not, Defendants admit that Plaintiff has made these allegations and asserted

these purported causes of action.

     2.      This paragraph is an assertion of law that need not be admitted or denied, but to

the extent that it is not, Defendants deny this allegation.

     3.      This paragraph is an assertion of law that need not be admitted or denied, but to

the extent that it is not, Defendants deny this allegation.

4.      This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

5.      The first sentence of this paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.  Defendants deny the second sentence of this paragraph, to the extent that it misleadingly suggests that Dr. Qamar's practice is similarly situated to that of cardiologists.  Defendants also lack knowledge sufficient to form a belief about the truth or falsity of the allegations concerning what other cardiologists were paid.

6.      This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## II.      JURISDICTION AND VENUE

7.      This paragraph is an assertion of law that need not be admitted or denied.

8.      This paragraph is an assertion of law that need not be admitted or denied.

9.      This paragraph is an assertion of law that need not be admitted or denied.

## III.      THE PARTIES

10.      Defendants admit that Plaintiff is the United States.  Defendants lack knowledge sufficient to form a belief about the truth or falsity of the remainder of this allegation.

11.      Defendants lack knowledge sufficient to form a belief about the truth or falsity of the first sentence of this paragraph.  Defendants admit the second sentence of this paragraph.

12.      Defendants lack knowledge sufficient to form a belief about the truth or falsity of the first sentence of this paragraph.  Defendants admit the second sentence of this paragraph.

13.      Admitted.

14.      Admitted.

15.     Admitted.

16.     Admitted.

17.     Defendants deny this allegation, except to the extent that they admit that during the relevant period, they were in the business of providing, among other things, cardiovascular services to a variety of patients, including but not limited to Medicare beneficiaries.

## IV.     STATUTORY AND REGULATORY FRAMEWORK

### A.     The False Claims Act

18.     This paragraph is an assertion of law that need not be admitted or denied.

19.     This paragraph is an assertion of law that need not be admitted or denied.

### B.     The Medicare Program

20.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity.

21.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity.

22.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity.

23.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity.

24.      This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity.

25.      Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

26.      This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity.

27.      This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity.

28.      This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity regarding what providers generally do.

29.      This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity regarding what providers generally do.

30.      This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity.

31.      Defendants admit that Dr. Qamar has been registered as a Medicare provider in Florida since at least December 2000 and has executed at least one provider enrollment agreement.

32.     Defendants admit that ICE has been registered as a Medicare group practice in Florida since at least May 2009.

**C.     Peripheral Artery Disease**

33.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  Peripheral artery disease ("PAD") does not only affect the limbs.  In fact, PAD can affect arteries in the head, organs, and limbs.

34.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  Plaque does not develop on the inner wall of the arteries, but rather within the layers of the wall.

35.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  The PAD spectrum of syndromes involving the limbs includes "asymptomatic" to "critical" limb ischemia.  "Claudication" does not necessarily refer to pain but also could refer to exertional fatigue, numbness, burning or weakness.  Critical limb ischemia may be present without pain.  The severity and the anatomical level and location of PAD alters symptoms.  Most patients with PAD do not have intermittent claudication, but are in fact asymptomatic.

36.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  Not all segments of peripheral arteries have more than one source of blood supply.  As a result, for an artery with only one source of blood supply, an intervention may be needed on a 50 percent blockage, yet for an artery with multiple sources of blood supply, an intervention may not be needed even for a 100 percent blockage of one of those sources.  Risk factors, symptoms, signs, and non-invasive imaging are key to planning invasive procedures.

- 5 -

37.     Defendants admit this allegation, except to the extent that they deny Plaintiff's mischaracterization and/or oversimplification of the relevance of a "bruit" and the "ankle-brachial index" ("ABI").

38.     Admitted.

39.     Defendants admit that aspirin, statins, cilostazol, dietary modifications, exercise programs, and risk factor modification (including smoking cessation) are non-invasive treatments for PAD, but deny Plaintiff's ambiguous allegation that these treatments are "often" used.

40.     Admitted.

41.     Admitted.

42.     Admitted.

43.     Admitted.

44.     Admitted.

45.     Defendants admit this allegation, except that they deny Plaintiff's characterization that angiography, angioplasty, atherectomy, and stent implantation "usually . . . subject patients to some risk of harm."   Angiography, angioplasty, atherectomy, and stent implantation are appropriately performed when the risk/benefit ratio favors the patient.

46.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.   All invasive procedures are not equally associated with a risk of stroke, heart attack, or poor blood flow to a limb.  Plaintiff's allegations address interventions to treat peripheral arterial disease ("PAD"), which involves the limbs, heads and outer organs, and not coronary arterial disease ("CAD"), which involves the heart.  A risk of a stroke would arise primarily with procedures involving the heart (specifically, the aortic

arch, the carotid/vertebral circulation, or the upper extremity or the cerebral circulation).  A risk of a heart attack would also arise primarily with procedures involving the heart (specifically, the coronary circulation).

47.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  There are multiple ways to guard against contrast-induced allergic reactions and kidney injury, as well as against radiation injury.

48.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  Not all stents have the potential to trap or "jail" arteries.  When peripheral stents with open-cell design are placed on a blood vessel, such stents allow interventions on branch vessels with ease.  Open-cell stents do not compromise collateral circulation.  If a patient is not a candidate for surgical revascularization, stents may be placed in arterial segments where a bypass might otherwise be connected.

### D.     The Medicare Benefit for PAD

49.     This paragraph is an assertion of law that need not be admitted or denied.

50.     Admitted.

51.     Defendants admit this allegation to the extent that a Local Coverage Determination ("LCD") was published by the alleged entity, with the alleged title.  The remainder of this allegation, including Plaintiff's characterization of the LCD, is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

52.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  "Clinically significant" vascular disease is not defined solely by reference to the severity of the lesion in absolute anatomic terms, but also by

reference to the character of the plaque, lesion morphology, the size of the vascular distribution, the patient's risk factors, the patient's symptoms, and the results of anatomic and physiological imaging and evaluation.

53.    Defendants admit the first sentence of this paragraph.  The second sentence is an assertion of law that need not be admitted or denied.

54.    The first sentence of this paragraph is an assertion of law that need not be admitted or denied.  Defendants admit the second sentence of this paragraph, to the extent that some (but not all) of the possible symptoms of PAD include exertional leg pain (suggesting claudication) and rest pain, ulcers, or gangrene (suggesting critical limb ischemia).

55.    The first sentence of this paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.  Defendants admit the second sentence of this paragraph.

**E.    Medicare Claim Submission and Payment Process**

56.    This paragraph is an assertion of law that need not be admitted or denied.

57.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity regarding what providers generally do.

58.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity regarding what providers generally do.

59.    This paragraph is an assertion of law that need not be admitted or denied.

60.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

61.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

62.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation regarding what generally occurs in pre-payment and post-payment reviews.

**F.      Anti-Kickback Statute**

63.     This paragraph is an assertion of law that need not be admitted or denied.

64.     This paragraph is an assertion of law that need not be admitted or denied.

65.     This paragraph is an assertion of law that need not be admitted or denied.

**G.      The Medicare Copayment**

66.     This paragraph is an assertion of law that need not be admitted or denied.

67.     This paragraph is an assertion of law that need not be admitted or denied.

68.     This paragraph is an assertion of law that need not be admitted or denied.

69.     This paragraph is an assertion of law that need not be admitted or denied.

70.     This paragraph is an assertion of law that need not be admitted or denied.

71.     This paragraph is an assertion of law that need not be admitted or denied.

72.     This paragraph is an assertion of law that need not be admitted or denied.

73.     This paragraph is an assertion of law that need not be admitted or denied.

74.     This paragraph is an assertion of law that need not be admitted or denied.

75.     This paragraph is an assertion of law that need not be admitted or denied.

**V.      [ASSERTION IN SECTION HEADER – Denied.]**

76.     Denied.

77.     Denied.

78.     Denied.

### A.    Excessive and Medically Unnecessary Procedures

79.    Denied.

80.    Defendants admit this allegation, except to the extent that they deny Plaintiff's characterization that they treated patients in "numerous" locations "throughout" North Central Florida.

81.    Defendants deny the first sentence of this paragraph, except to the extent that they admit that the Ocala office houses at least one outpatient catheterization laboratory ("cath lab"). Defendants deny the second sentence of this paragraph.

82.    Denied.

83.    Denied.  Defendants had two sources of patients on any given day for the office patient schedule.  One source was the routine follow-up visits, typically scheduled several weeks in advance.  The other source was the acute visits, scheduled in response to acute and immediate needs arising shortly before the appointment, and these visits were added onto the preexisting schedule.  Patients could and would request appointments during evening hours if more convenient for them than earlier hours.

84.    Defendants deny the entirety of this allegation, except to the extent that they admit that appointments were typically held at satellite offices twice a week.

85.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation concerning what patients did or did not do or recall.  Defendants deny the remainder of this allegation, except to the extent that they admit that keeping patients comfortable while they wait to be treated by a physician is ethical, moral, and a matter of simple courtesy.

86.    Denied.

87.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

88.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

89.     Denied.

90.     Denied.

89.     Defendants deny this allegation, except to the extent that they lack knowledge sufficient to form a belief about the truth or falsity of the allegations concerning why insurance companies deny claims.

92.     Defendants deny this allegation, except to the extent that they lack knowledge sufficient to form a belief about the truth or falsity of the allegations concerning the mental states of their employees.

93.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of the allegations concerning the mental states of their employees and comments by third parties.

94.     Denied.

95.     Denied.

96.     Denied.

**B.      Inadequate Documentation to Support Procedures**

97.     Denied.

98.     Denied.

99.     Defendants deny this allegation, except to the extent that they admit that healthcare providers commonly use procedure report templates in order to track data that accreditation bodies require, among other things.

100.    Denied.

101.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

**C.      False Claims for Excessive, Medically Unnecessary, and/or Inadequately Documented Procedures**

108.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

109.    Denied.

**Patient CF**

110.    Denied.

111.    Denied.

112.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

113.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation .

114.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

115.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

116.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

117.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

118.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

119.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

**Patient YL**

120.    Denied.

121.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

122.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

123.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

124.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

125.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

126.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

127.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

128.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

129.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

**Patient PH**

130.    Denied.

131.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

132.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

133.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

134.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

135.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

**Patient LG**

136.    Denied.

137.    Denied.

138.   Denied.

VI.   **[ASSERTION IN SECTION HEADER – Denied.]**

139.   This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

140.   This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

141.   Denied.   Patients in difficult financial situations were assured that if their financial hardship forms indicated their need, they would be provided services even if they could not afford the copayments.

142.   Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

143.   Denied.

144.   Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

145.   Defendants deny the first sentence of this allegation except to the extent that they admit that Dr. Qamar posted a video to YouTube.com, and that the video speaks for itself.   The second and third sentences of this paragraph are assertions of law that need not be admitted or denied, but to the extent that they are not, Defendants deny these allegations.

146.   Defendants deny this allegation, except to the extent that they admit that for some of the relevant period (from May 1, 2009 through March 31, 2011), their billing was handled by a third-party billing and collection services contractor called Premier Physician Management Services, LLC, a Florida limited liability company, doing business as Partners in Practice ("PIP").

147.    Denied.

148.    Defendants admit the first sentence of this paragraph.  Defendants lack knowledge sufficient to form a belief about the truth or falsity of the second sentence of this paragraph.

149.    Denied.

### Patient LG

150.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

151.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

152.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

### Patient MW

153.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

154.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

155.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

### Patient RB

156.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

157.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

158.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

159.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

VII.     [ASSERTION IN SECTION HEADER – Denied.]

160.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

A.     [ASSERTION IN SECTION HEADER – Denied.]

161.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

i.     Defendants' Knowledge of Medicare Laws, Regulations, and Program Instructions

162.     Defendants admit the first sentence of this paragraph.   Defendants deny the second sentence of this paragraph, except to the extent that they admit that they worked with multiple consultants during the relevant period, including PIP from May 2009 through March 2011, and Ray Howard & Associates ("RHA") at least in 2010.   (PIP and RHA also worked with Dr. Qamar's prior medical practice employer before Dr. Qamar formed Defendant Institute of Cardiovascular Excellence, PLLC ("ICE"), and each continued to work for Dr. Qamar's prior employer after Dr. Qamar left to form ICE, after which Dr. Qamar began working with PIP and RHA through ICE.

163.     Defendants deny this allegation, except to the extent that they admit that PIP and/or RHA   assisted them in dealings with Florida's Medicare Administrative Contractor ("MAC"), First Coast Services Options, Inc. ("First Coast").

164.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

165.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

166.    Defendants deny the first sentence of this allegation, except to the extent that they admit that RHA advised them on issues of medical necessity and documentation.   Defendants lack knowledge sufficient to form a belief about the truth or falsity of the second sentence of this allegation.

167.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

168.    Denied.

169.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

170.    Defendants admit the first sentence of this paragraph.  Defendants lack knowledge sufficient to form a belief about the truth or falsity of the second and third sentences of this paragraph.

171.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

172.    Defendants admit the first sentence of this paragraph.  Defendants lack knowledge sufficient to form a belief about the truth or falsity of the second sentence of this paragraph.

173.    Defendants deny the first sentence of this paragraph.  Defendants lack knowledge sufficient to form a belief about the truth or falsity of the second sentence of this paragraph .

174.    Denied.

175.     Defendants deny this allegation, except to the extent that they admit that PIP's counsel sent a letter dated July 20, 2010 to Defendants' counsel which speaks for itself, and which Plaintiff has only selectively quoted in order to distort its meaning.

176.     Defendants admit that Dr. Qamar responded to a letter from PIP which speaks for itself, and which Plaintiff has only selectively quoted  in order to distort its meaning, but they lack knowledge sufficient to form a belief about the truth or falsity of the remainder of this allegation.

177.     Defendants admit the first sentence of this paragraph.  Defendants deny the second sentence of this paragraph.

178.     Denied.

**ii.     [ASSERTION IN SECTION HEADER – Denied.]**

179.     Denied.

180.     Defendants deny this allegation, except to the extent that they admit that in 2009, First Coast conducted a probe audit of claims for services performed by Dr. Qamar for ten Medicare patients between February 1, 2008 and April 21, 2008 (a period during which he worked for his prior medical practice employer).

181.     Defendants admit the first sentence of this paragraph.  Defendants lack knowledge sufficient to form a belief about the truth or falsity of the second sentence of this paragraph.

182.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

183.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

184.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Defendants deny this allegation, except to the extent that they admit that on or about February 21, 2013, they engaged the firm of Jackson Davis Healthcare, Inc. to provide professional audit advisory services relating to administrative case management; Additional Documentation Request ("ADR") responses and case development; and submission of ADR medical records documentation and responses to Medicare's contractor for processing under pre-payment review of cardiac catheterization procedures.

189.    Denied.

**B.     [ASSERTION IN SECTION HEADER – Denied.]**

190.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

191.    Defendants deny this allegation, except to the extent that they admit that Defendant ICE's billing services agreement with PIP provided that if ICE had not adopted its own billing and collection policies and procedures on or before the contract commencement date of May 1, 2009, PIP's policies and procedures would control.

192.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

193.    Defendants deny the first sentence of this paragraph.  The second sentence of this paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

194.    Denied.

195.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of the first sentence of this paragraph.  Defendants deny the second sentence of this paragraph.

196.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

197.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## VIII.  CAUSES OF ACTION

### Count I: False or Fraudulent Claims

**Violations of the False Claims Act, 31 U.S.C. § 3729(a)(1) (1986),
amended by 31 U.S.C. § 3729(a)(1)(A) (2009)**

198.    Defendants repeat and re-aver the foregoing paragraphs as applicable to Plaintiff's allegation in this paragraph.

199.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

200.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

201.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

202.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## Count II: False Statements

### Violations of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B) (2009)

203.    Defendants repeat and re-aver the foregoing paragraphs as applicable to Plaintiff's allegation in this paragraph.

204.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

205.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

206.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

207.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

208.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## Count III: False or Fraudulent Claims (Kickbacks)

### Violations of the False Claims Act, 31 U.S.C. § 3729(a)(1) (1986),
### as amended by § 3729(a)(1)(A) (2009)

209.    Defendants repeat and re-aver the foregoing paragraphs as applicable to Plaintiff's allegation in this paragraph.

210.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

211.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

212.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

213.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

214.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

215.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## Count IV: False Statements (Kickbacks)

### Violations of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B) (2009)

216.     Defendants repeat and re-aver the foregoing paragraphs as applicable to Plaintiff's allegation in this paragraph.

217.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

218.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

219.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

220.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

221.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

222.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## Count V: Payment under Mistake of Fact

223.    Defendants repeat and re-aver the foregoing paragraphs as applicable to Plaintiff's allegation in this paragraph.

224.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

225.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## Count VI: Payment under Mistake of Fact (Kickbacks)

226.    Defendants repeat and re-aver the foregoing paragraphs as applicable to Plaintiff's allegation in this paragraph.

227.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

228.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## Count VII: Unjust Enrichment

229.    Defendants repeat and re-aver the foregoing paragraphs as applicable to Plaintiff's allegation in this paragraph.

230.    Denied.  All services rendered and performed were medically necessary given the clinical presentations of the patients, including risk factors, symptoms, signs and results of imaging.

231.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## PRAYER FOR RELIEF

Wherefore Paragraph:    Defendants deny that Plaintiff is entitled to the forms of relief requested or to any other relief.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all claims so triable in this action.

*        *        *        *        *

## AFFIRMATIVE DEFENSES

As defenses to the Complaint, and without admitting any of its allegations or assuming any burden of pleading or proof that would otherwise rest on Plaintiff, Defendants allege as follows:

## First Affirmative Defense

The Complaint and its purported causes of action fail to state facts sufficient to adequately plead a cause of action against Defendants.

## Second Affirmative Defense

The Complaint and its purported causes of action fail to meet the pleading requirements of Federal Rule of Civil Procedure 8(a).

## Third Affirmative Defense

The Complaint and its purported causes of action fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

## Fourth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because there was no false claim.

## Fifth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because the claims allegedly presented or caused to be presented by Defendants were not false.

## Sixth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because the records or statements allegedly made, used, or caused to be made or used by Defendants were not false.

## Seventh Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants made no express false certification.

## Eighth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants made no implied false certification.

## Ninth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because the alleged false certifications did not concern any conditions of payment.

## Tenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because the alleged false implied certifications concern a statute or regulation that does not expressly require compliance as a condition of payment.

**Eleventh Affirmative Defense**

The claims asserted in the Complaint are barred, in whole or in part, because Defendants' conduct was not material to any alleged payment or receipt of money or property in connection with any alleged false or fraudulent claim.

**Twelfth Affirmative Defense**

The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not act "knowingly," as that term is defined in 31 U.S.C. § 3729(b)(1).

**Thirteenth Affirmative Defense**

The claims asserted in the Complaint are barred, in whole or in part, because Defendants' activities and conduct conformed to all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time.

**Fourteenth Affirmative Defense**

The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not offer or pay any kickbacks to anyone.

**Fifteenth Affirmative Defense**

The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not "offer[] or pay[] any remuneration (including any kickback, bribe, or rebate)" to anyone, within the meaning of 42 U.S.C. § 1320a-7b(b).

**Sixteenth Affirmative Defense**

The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not act with any purpose "to induce" anyone to take any action, within the meaning of 42 U.S.C. § 1320a-7b(b).

### Seventeenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not act "knowingly" within the meaning of 42 U.S.C. § 1320a-7b(b).

### Eighteenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not act "willfully" within the meaning of 42 U.S.C. § 1320a-7b(b).

### Nineteenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not submit any claims "resulting from a violation of" 42 U.S.C. § 1320a-7b.

### Twentieth Affirmative Defense

To the extent that the Complaint alleges any wrongdoing or violation of law, any such wrongdoing or violation of law was committed by individuals acting outside the scope of their employment, in a manner that was inconsistent with Defendants' policies, and without Defendants' knowledge.

### Twenty-first Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff's knowledge of the alleged conduct in the Complaint and/or acquiescence of such conduct defeats the elements of falsity, scienter, materiality, and causation and precludes all damages in this action.

### Twenty-second Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not pay any claim under a mistaken understanding of fact.

### Twenty-third Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the voluntary payment doctrine.

### Twenty-fourth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants were entitled to any federal funds they obtained.

### Twenty-fifth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants were not unjustly enriched by any federal funds they obtained.

### Twenty-sixth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

### Twenty-seventh Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because its claims are vexatious, frivolous, and intended only to annoy, embarrass, and harass Defendants.

### Twenty-eighth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, and/or unclean hands.

### Twenty-ninth Affirmative Defense

Plaintiff purposely and unreasonably delayed in making known to Defendants the allegations contained in the Complaint and attempting to assert those claims. This unreasonable delay has prejudiced Defendants in that evidence bearing on Plaintiff's claims may have been

lost.  The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of laches, estoppel, waiver, ratification, and/or unclean hands.

### Thirtieth Affirmative Defense

Plaintiff directed, ordered, approved, acquiesced or ratified Defendants' conduct, and Plaintiff is, therefore, barred from asserting any claims based thereon.

### Thirty-first Affirmative Defense

This Court lacks subject matter jurisdiction based on the doctrines of exclusive and primary jurisdiction and failure to exhaust administrative remedies.

### Thirty-second Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

### Thirty-third Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because any injuries allegedly sustained by Plaintiff were not proximately caused by any act or omission of Defendants.

### Thirty-fourth Affirmative Defense

Plaintiff is not entitled to the damages and other remedies it seeks.

### Thirty-fifth Affirmative Defense

The claims for damages and other requested relief asserted in the Complaint are barred, in whole or in part, because Plaintiff has not suffered and will not suffer any damages or injury to a legally protected or cognizable interest by reason of the conduct of Defendants.

**Thirty-sixth Affirmative Defense**

Plaintiff did not rely on the alleged statements, actions, or inaction of Defendants complained of in the Complaint, and Defendants' statements, actions, or inaction otherwise were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff.

**Thirty-seventh Affirmative Defense**

The damages asserted in the Complaint, if any, were caused in whole or in part by the acts and omissions of third parties over whom Defendants had no authority or control.

**Thirty-eighth Affirmative Defense**

In the event that Defendants were ever held liable for damages, which liability is specifically denied, to the extent Plaintiff seeks damages and/or penalties unrelated to or vastly greater than its actual damages, such damages or civil penalties would be unconstitutional because they would be in violation of the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.  Defendants specifically incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damage awards, including but not limited to, those standards of limitation that arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

**Thirty-ninth Affirmative Defense**

Because of the lack of clear regulatory standards, the imposition of civil penalties would be unconstitutionally vague and/or overly broad.

### Fortieth Affirmative Defense

The claims for damages asserted in the Complaint are barred, in whole or in part, or limited by reason of Plaintiff's failure to mitigate the alleged damages or losses.

### Forty-first Affirmative Defense

The claims for damages asserted in the Complaint are barred because such damages are speculative.

### Forty-second Affirmative Defense

In the event that Defendants were ever held liable, Plaintiff would be barred from recovering anything, under the doctrines of laches, estoppel, waiver, ratification, and/or unclean hands.

### Forty-third Affirmative Defense

In the event that Defendants were ever held liable, Relator Taylor would be barred from recovering anything. because her claims would be barred under 31 U.S.C. § 3730(b)(5).

### Forty-fourth Affirmative Defense

In the event that Defendants were ever held liable, Relator Taylor would be barred from recovering anything, because her claims would be § barred under 31 U.S.C. § 3730(e)(4).

### Forty-fifth Affirmative Defense

In the event that Defendants were ever held liable, Relator Taylor would be barred from recovering anything, under the doctrines of laches, estoppel, waiver, ratification, and/or unclean hands.

### Forty-sixth Affirmative Defense

In the event that Defendants were ever held liable, Relator Taylor would be barred from recovering any share of any proceeds in this action by and to the extent that she planned,

initiated, or participated in any acts or omissions that she alleges to be wrongful or in violation of the law.

### Forty-seventh Affirmative Defense

In the event that Defendants were ever held liable, Relator Green would be barred from recovering anything, because his claims are barred under 31 U.S.C. § 3730(e)(4).

### Forty-eighth Affirmative Defense

In the event that Defendants were ever held liable, Relator Green would be barred from recovering anything, under the doctrines of laches, estoppel, waiver, ratification, and/or unclean hands.

### Forty-ninth Affirmative Defense

In the event that Defendants were ever held liable, Relator Green would be barred from recovering any share of any proceeds in this action by and to the extent that he planned, initiated, or participated in any acts or omissions that he alleges to be wrongful or in violation of the law.

### Fiftieth Affirmative Defense

In the event that Defendants were ever held liable for damages, Relator Green would be barred from recovering anything under the doctrines of laches, estoppel, waiver, ratification, and/or unclean hands.

### Fifty-first Affirmative Defense

Plaintiff has failed to join certain necessary and/or indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

### Fifty-second Affirmative Defense

Defendants aver that they did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in the Complaint.

## **Fifty-third Affirmative Defense**

Defendants preserve and assert all affirmative defenses available under any applicable law.  Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, defenses available.  Therefore, Defendants reserve their right to supplement this Answer and to assert additional defenses in the event that discovery or other means indicate they would be appropriate.

*       *       *       *       *

**WHEREFORE**, Defendants, having fully answered the Complaint, pray that Plaintiff takes nothing by this suit and demand as follows:

1.      that the Complaint be dismissed with prejudice on the merits;

2.      that Defendants recover their costs and disbursements herein expended to the extent permitted under applicable law;

3.      that Defendants be granted leave to file an amended pleading upon conclusion of reasonable discovery, if necessary; and

4.      that Defendants be accorded all other relief to which they now or hereafter appear to be entitled.

Dated:  February 1, 2016                    Respectfully submitted,

       /s/ Kirk Ogrosky

Gregory W. Kehoe (FBN 486140)       Kirk Ogrosky (*pro hac vice*)
Danielle S. Kemp (FBN 474355)        Murad Hussain (*pro hac vice*)
GREENBERG TRAURIG, P.A.             ARNOLD & PORTER LLP
Courthouse Plaza                    610 Massachusetts Avenue, NW
625 East Twiggs Street, Suite 100    Washington, DC  20001
Tampa, FL 33602                     (202) 942-5000
(813) 318-5700                      (202) 942-5999 (facsimile)
(813) 318-5900 (facsimile)          Kirk.Ogrosky@aporter.com
KehoeG@gt.com                       Murad.Hussain@aporter.com
KempD@gt.com