## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

UNITED STATES OF AMERICA, ex rel.
ROBERT A. GREEN and HOLLY A.
TAYLOR,

      Plaintiff,

v.                           Case No. 5:11-CV-00406-10TBS

DR. ASAD U. QAMAR and the
INSTITUTE OF CARDIOVASCULAR
EXCELLENCE, PLLC,

      Defendants.

_____/

## DEFENDANTS' CONSOLIDATED ANSWER TO
## THE STATE OF FLORIDA'S COMPLAINT IN INTERVENTION

### RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendants hereby respond to the numbered paragraphs of the State of Florida ("Plaintiff's") Complaint in Intervention ("Complaint") (and unless otherwise specifically indicated below, all allegations of the Complaint are denied):

## I.      INTRODUCTION

1.      This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

2.      This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

3.      This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## II.     JURISDICTION AND VENUE

4.     This paragraph is an assertion of law that need not be admitted or denied.

5.     This paragraph is an assertion of law that need not be admitted or denied.

6.     This paragraph is an assertion of law that need not be admitted or denied.

7.     This paragraph is an assertion of law that need not be admitted or denied.

## III.    PARTIES

8.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity.

9.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity.

10.    Defendants lack knowledge sufficient to form a belief about the truth or falsity of the first sentence of this paragraph.  Defendants deny the second sentence of this paragraph, except to the extent that they admit that Plaintiff-Relator Holly A. Taylor ("Relator") was assigned as an account manager for Defendants.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Defendants deny this allegation, except to the extent that they admit that during the relevant period, they were in the business of providing, among other things, cardiovascular services to a variety of patients, including but not limited to Medicaid patients.

15.     Defendants deny this allegation, except to the extent that they admit that they were duly enrolled Florida Medicaid providers as of the date of filing of the Complaint.

## IV.     THE FLORIDA MEDICAID PROGRAM

16.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

17.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

18.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

19.     This paragraph is an assertion of law that need not be admitted or denied.

20.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

21.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

22.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

## V.    MEDICAID PROVIDER CERTIFICATIONS

23.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

24.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

25.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

26.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

27.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

28.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

29.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

30.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

31.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

32.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

33.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

34.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

35.     Defendants deny the first and second sentences of this paragraph.  The third sentence of this paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation

36.     Admitted.

37.     Admitted.

## VI.   MEDICAL NECESSITY

38.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

39.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

## VII.   PERIPHERAL ARTERY DISEASE

40.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  Peripheral artery disease ("PAD") does not only affect the limbs.  In fact, PAD can affect arteries in the head, organs, and limbs.

41.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  Plaque does not develop on the inner wall of the arteries, but rather within the layers of the wall.

42.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  The PAD spectrum of syndromes involving the limbs includes "asymptomatic" to "critical" limb ischemia.  "Claudication" does not necessarily refer to pain but also could refer to exertional fatigue, numbness, burning or weakness.  Critical limb ischemia may be present without pain.  The severity and the anatomical level and location of PAD alters symptoms.  Most patients with PAD do not have intermittent claudication, but are in fact asymptomatic.

43.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  Not all segments of peripheral arteries have

more than one source of blood supply.  As a result, for an artery with only one source of blood supply, an intervention may be needed on a 50 percent blockage, yet for an artery with multiple sources of blood supply, an intervention may not be needed even for a 100 percent blockage of one of those sources.  Risk factors, symptoms, signs, and non-invasive imaging are key to planning invasive procedures.

44.   Defendants admit this allegation, except to the extent that they deny Plaintiff's mischaracterization and/or oversimplification of the relevance of a "bruit" and the "ankle-brachial index" ("ABI").

45.   Admitted.

46.   Defendants admit that aspirin, statins, cilostazol, dietary modifications, exercise programs, and risk factor modification (including smoking cessation) are non-invasive treatments for PAD, but deny Plaintiff's ambiguous allegation that these treatments are "often" used.

47.   Admitted.

48.   Admitted.

49.   Admitted.

50.   Admitted.

51.   Admitted.

52.   Defendants admit this allegation, except that they deny    Plaintiff's characterization that angiography, angioplasty, atherectomy, and stent implantation "usually . . . subject patients to some risk of harm."   Angiography, angioplasty, atherectomy, and stent implantation are appropriately performed when the risk/benefit ratio favors the patient.

53.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.   All invasive procedures are not equally associated with a risk of stroke, heart attack, or poor blood flow to a limb.  Plaintiff's allegations address interventions to treat peripheral arterial disease ("PAD"), which involves the limbs, heads and outer organs, and not coronary arterial disease ("CAD"), which involves the heart.  A risk of a stroke would arise primarily with procedures involving the heart (specifically, the aortic arch, the carotid/vertebral circulation, or the upper extremity or the cerebral circulation).  A risk of a heart attack would also arise primarily with procedures involving the heart (specifically, the coronary circulation).

54.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.   There are multiple ways to guard against contrast-induced allergic reactions and kidney injury, as well as against radiation injury.

55.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  Not all stents have the potential to trap or "jail" arteries.  When peripheral stents with open-cell design are placed on a blood vessel, such stents allow interventions on branch vessels with ease.   Open-cell stents do not compromise collateral circulation.  If a patient is not a candidate for surgical revascularization, stents may be placed in arterial segments where a bypass might otherwise be connected.

## VIII.  MEDICAL NECESSITY AND TREATMENT FOR PERIPHERAL ARTERY DISEASE

56.     The first sentence of this paragraph is an assertion of law that need not be admitted or denied.  Defendants admit the second sentence of this paragraph.

57.     Defendants deny this allegation, to the extent that Plaintiff misunderstands and/or mischaracterizes the medical principles at issue.  "Clinically significant" vascular disease is not

defined solely by reference to the severity of the lesion in absolute anatomic terms, but also by reference to the character of the plaque, lesion morphology, the size of the vascular distribution, the patient's risk factors, the patient's symptoms, and the results of anatomic and physiological imaging and evaluation.

58.     Admitted.

59.     The first sentence of this paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.  Defendants admit the second sentence of this paragraph.

## IX.     MEDICAID CLAIM SUBMISSION AND PAYMENT PROCESS

60.     This paragraph is an assertion of law that need not be admitted or denied.

61.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity regarding what providers generally do.

62.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants lack knowledge sufficient to form a belief as to its truth or falsity regarding what providers generally do.

63.     This paragraph is an assertion of law that need not be admitted or denied.

64.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

65.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

X.      **[ASSERTION IN SECTION HEADER – Denied.]**

66.     Denied.

67.     Denied.

68.     Denied.

A.      **Medically Unnecessary Procedures**

69.     Admitted.

70.     Defendants admit this allegation, except to the extent that they deny Plaintiff's characterization that they treated patients in "numerous" locations "throughout" North Central Florida.

71.     Defendants admit that the Ocala office houses at least one outpatient catheterization laboratory ("cath lab"), but deny Plaintiff's characterization of the cath lab as "expansive." Defendants deny the second sentence of this paragraph.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

B.      **Inadequate Documentation to Support Procedures**

77.     Denied.

78.     Denied.

79.     Defendants deny this allegation, except to the extent that they admit that healthcare providers commonly use procedure report templates in order to track data that accreditation bodies require, among other things.

80.     Denied.

81.     Denied.

82.     Denied.

**XI.     [ASSERTION IN SECTION HEADER – Denied.]**

83.     Denied.

**A.     Patient LG**

84.     Denied.

85.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

86.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

87.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

88.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

89.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

**B.     Patient RC**

90.     Denied.

91.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

92.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

93.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

94.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

95.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

**C.      Patient AA**

96.     Denied.

97.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

98.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

99.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

100.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

101.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

**D.      Patient JC**

102.     Denied.

103.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

104.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

105.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

106.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of this allegation.

107.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

**XII.     [ASSERTION IN SECTION HEADER – Denied.]**

108.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

109.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

**XIII.     [ASSERTION IN SECTION HEADER – Denied.]**

110.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

111.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

112.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

113.     This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

114.     Defendants lack knowledge sufficient to form a belief about the truth or falsity of the first sentence of this paragraph.  The second sentence of this paragraph is an assertion of law

that need not be admitted or denied, but to the extent that it is not, Defendants deny the allegation.

115.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

116.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

117.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

118.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## XIV.   CAUSES OF ACTION

### Count One – False Claims
### (Florida False Claims Act, Fla. Stat. § 68.082(2)(a))

119.    Defendants repeat and re-aver the foregoing paragraphs as applicable to Plaintiff's allegation in this paragraph.

120.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

121.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

122.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

### Count Two – False Records Or Statements
### (Florida False Claims Act, Fla. Stat. § 68.082(2)(b))

123.    Defendants repeat and re-aver the foregoing paragraphs as applicable to Plaintiff's allegation in this paragraph.

124.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

125.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

126.    This paragraph is an assertion of law that need not be admitted or denied, but to the extent that it is not, Defendants deny this allegation.

## PRAYER FOR RELIEF

Wherefore Paragraph:   Defendants deny that Plaintiff and Relator are entitled to the forms of relief requested or to any other relief.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all claims so triable in this action.

*       *       *       *       *

## AFFIRMATIVE DEFENSES

As defenses to the Complaint, and without admitting any of its allegations or assuming any burden of pleading or proof that would otherwise rest on Plaintiff and/or Relator, Defendants allege as follows:

## First  Affirmative Defense

The Complaint and its purported causes of action fail to state facts sufficient to adequately plead a cause of action against Defendants.

## Second Affirmative Defense

The Complaint and its purported causes of action fail to meet the pleading requirements of Federal Rule of Civil Procedure 8(a).

### Third Affirmative Defense

The Complaint and its purported causes of action fail to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

### Fourth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because there was no false claim.

### Fifth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because the claims allegedly presented or caused to be presented by Defendants were not false.

### Sixth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because the records or statements allegedly made, used, or caused to be made or used by Defendants were not false.

### Seventh Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants made no express false certification.

### Eighth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants made no implied false certification.

### Ninth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because the alleged false certifications did not concern any conditions of payment.

### Tenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because the alleged false implied certifications concern a statute or regulation that does not expressly require compliance as a condition of payment.

### Eleventh Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants' conduct was not material to any alleged payment or receipt of money or property in connection with any alleged false or fraudulent claim.

### Twelfth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants did not act "knowingly," as that term is defined in Fla. Stat. § 68.082(1)(c).

### Thirteenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Defendants' activities and conduct conformed to all state and federal statutes, regulations, and industry standards based upon the state of knowledge existing at the relevant time.

### Fourteenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, under the doctrine of innocent mistake, within the meaning of Fla. Stat. § 68.082(1)(c).

### Fifteenth Affirmative Defense

To the extent that the Complaint alleges any wrongdoing or violation of law, any such wrongdoing or violation of law was committed by individuals acting outside the scope of their employment, in a manner that was inconsistent with Defendants' policies, and without Defendants' knowledge.

## Sixteenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff's and/or Relator's knowledge of the alleged conduct in the Complaint and/or acquiescence of such conduct defeats the elements of falsity, scienter, materiality, and causation and precludes all damages in this action.

## Seventeenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the voluntary payment doctrine.

## Eighteenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and/or Relator would be unjustly enriched if allowed to recover any portion of the damages alleged in the Complaint.

## Nineteenth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because its claims are vexatious, frivolous, and intended only to annoy, embarrass, and harass Defendants.

## Twentieth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, and/or unclean hands.

## Twenty-first Affirmative Defense

Plaintiff and/or Relator purposely and unreasonably delayed in making known to Defendants the allegations contained in the Complaint and attempting to assert those claims. This unreasonable delay has prejudiced Defendants in that evidence bearing on Plaintiff's and/or

Relator's claims may have been lost.  The claims asserted in the Complaint are barred, in whole or in part, by the doctrine of laches, estoppel, waiver, ratification, and/or unclean hands.

### Twenty-second Affirmative Defense

Plaintiff and/or Relator directed, ordered, approved, acquiesced or ratified Defendants' conduct, and Plaintiff and/or Relator are, therefore, barred from asserting any claims based thereon.

### Twenty-third Affirmative Defense

This Court lacks subject matter jurisdiction based on the doctrines of exclusive and primary jurisdiction and failure to exhaust administrative remedies.

### Twenty-fourth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

### Twenty-fifth Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, because any injuries allegedly sustained by Plaintiff and/or Relator were not proximately caused by any act or omission of Defendants.

### Twenty-sixth Affirmative Defense

Plaintiff and Relator are not entitled to the damages and other remedies they seek.

### Twenty-seventh Affirmative Defense

The claims for damages and other requested relief asserted in the Complaint are barred, in whole or in part, because Plaintiff and/or Relator has not suffered and will not suffer any damages or injury to a legally protected or cognizable interest by reason of the conduct of Defendants.

## Twenty-eighth Affirmative Defense

Plaintiff and/or Relator did not rely on the alleged statements, actions, or inaction of Defendants complained of in the Complaint, and Defendants' statements, actions, or inaction otherwise were not the proximate cause or cause in fact of any injury to or alleged loss by Plaintiff and/or Relator.

## Twenty-ninth Affirmative Defense

The damages asserted in the Complaint, if any, were caused in whole or in part by the acts and omissions of third parties over whom Defendants had no authority or control.

## Thirtieth Affirmative Defense

In the event that Defendants were ever held liable for damages, which liability is specifically denied, to the extent Plaintiff and/or Relator seek damages and/or penalties unrelated to or vastly greater than their actual damages, such damages or civil penalties would be unconstitutional because they would be in violation of the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.   Defendants specifically incorporate by reference all standards of limitations regarding the determination and enforceability of punitive damage awards, including but not limited to, those standards of limitation that arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## Thirty-first Affirmative Defense

Because of the lack of clear regulatory standards, the imposition of civil penalties would be unconstitutionally vague and/or overly broad.

## Thirty-second Affirmative Defense

The claims for damages asserted in the Complaint are barred, in whole or in part, or limited by reason of Plaintiff's and/or Relator's failure to mitigate the alleged damages or losses.

## Thirty-third Affirmative Defense

The claims for damages asserted in the Complaint are barred because such damages are speculative.

## Thirty-fourth Affirmative Defense

In the event that Defendants were ever held liable, Plaintiff and/or Relator would be barred from recovering anything, under the doctrines of laches, estoppel, waiver, ratification, and/or unclean hands.

## Thirty-fifth Affirmative Defense

In the event that Defendants were ever held liable, Relator would be barred from recovering anything, because her claims would be barred under Fla. Stat.§ 68.087(3).

## Thirty-sixth Affirmative Defense

In the event that Defendants were ever held liable, Relator would be barred from recovering any share of any proceeds in this action by and to the extent that she planned, initiated, or participated in any acts or omissions that she alleges to be wrongful or in violation of the law.

## Thirty-seventh Affirmative Defense

Plaintiff and/or Relator has failed to join certain necessary and/or indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

## Thirty-eighth Affirmative Defense

Defendants aver that they did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in the Complaint.

## Thirty-ninth Affirmative Defense

Defendants preserve and assert all affirmative defenses available under any applicable law. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have other, as yet unstated, defenses available. Therefore, Defendants reserve their right to supplement this Answer and to assert additional defenses in the event that discovery or other means indicate they would be appropriate.

*       *       *       *       *

**WHEREFORE**, Defendants, having fully answered the Complaint, pray that Plaintiff and Relator take nothing by this suit and demand as follows:

1.     that the Complaint be dismissed with prejudice on the merits;

2.     that Defendants recover their costs and disbursements herein expended to the extent permitted under applicable law;

3.     that Defendants be granted leave to file an amended pleading upon conclusion of reasonable discovery, if necessary; and

4.     that Defendants be accorded all other relief to which they now or hereafter appear to be entitled.

Dated:  February 1, 2016                     Respectfully submitted,

                                              /s/ Kirk Ogrosky
Gregory W. Kehoe (FBN 486140)                Kirk Ogrosky (*pro hac vice*)
Danielle S. Kemp (FBN 474355)                Murad Hussain (*pro hac vice*)
GREENBERG TRAURIG, P.A.                       ARNOLD & PORTER LLP
Courthouse Plaza                              610 Massachusetts Avenue, NW
625 East Twiggs Street, Suite 100            Washington, DC  20001
Tampa, FL 33602                               (202) 942-5000
(813) 318-5700                               (202) 942-5999 (facsimile)
(813) 318-5900 (facsimile)                   Kirk.Ogrosky@aporter.com
KehoeG@gt.com                                Murad.Hussain@aporter.com
KempD@gt.com