UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ROBERT A. GREEN and HOLLY A. TAYLOR, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| DR. ASAD U. QAMAR and the INSTITUTE OF CARDIOVASCULAR EXCELLENCE, PLLC, | ) ) ) ) |
| Defendants. | ) ) |

Case No. 5:11-cv-406-Oc-37TBS

**UNITED STATES' RESPONSE TO DEFENDANTS' AMENDED SUGGESTION OF BANKRUPTCY AND INCORPORATED MEMORANDUM OF LAW**

The United States hereby responds to the Amended Suggestion of Bankruptcy, filed by Dr. Asad U. Qamar ("Dr. Qamar") and the Institute of Cardiovascular Excellence, PLLC ("ICE," and together with Dr. Qamar, "Defendants"). (Doc. 90). Contrary to Defendants assertion, this case <u>is not</u> subject to the automatic stay provision of Section 362 of the Bankruptcy Code. 11 U.S.C. § 362(a). Rather, this action brought pursuant to the False Claims Act ("FCA") falls within the "police or regulatory power" exception to the automatic stay. 11 U.S.C. § 362(b)(4). As a result, this case should proceed as scheduled.

**MEMORANDUM OF LAW**

Defendants represent that they each filed a "Voluntary Petition for relief under Chapter 11, Title 11, of the United States Bankruptcy Code" in the United States Bankruptcy Court for the Middle District of Florida, Case Nos. 3:16-bk-01491 and 3:16-bk-01492. (Doc.

90). Defendants further represent "[t]hat pursuant to the Bankruptcy Code, Section 362, the above styled cause is hereby automatically stayed." (Doc. 90, ¶ 2). Defendants' representation is incorrect.

While automatic stay, 11 U.S.C. § 362(a), generally stays the "continuation of any action by a creditor against the debtor or to recover a claim against a debtor that arose before the bankruptcy," there are exceptions, including the "police and regulatory power" exception. 11 U.S.C. § 362(b)(4). Specifically, a bankruptcy filing does not act to stay "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power. . . ." Id.

Actions brought pursuant to the False Claims Act fall within the "police and regulatory power" exception to the automatic stay. United States v. Bourseau, 531 F.3d 1159, 1164 (9th Cir. 2008)(recognizing that the district court had jurisdiction to enter its judgment in a FCA case despite debtor's bankruptcy proceedings); Universal Life Church, Inc. v. United States, 128 F.3d 1294, 1298 (9th Cir. 1997) ("[A] civil suit brought pursuant to the Federal False Claims Act is sufficient to satisfy the section 362(b)(4) exception."); Commonwealth Cos. v. United States, 913 F.2d 518 (8th Cir. 1990)(holding that the government's proposed FCA action against the debtors was excepted from the automatic stay under § 362(b)(4) up through the entry of a money judgment); but see In re Bicoastal Corp., 118 B.R. 854 (M.D. Fla. 1990). Indeed, "whether a False Claims Act suit is a proceeding by a governmental unit to enforce that unit's 'police or regulatory power' . . . is easily and confidently answered in the affirmative, as there is ample authority holding that laws, such as the False Claims Act, that are designed to prevent or stop fraud, or to fix damages for fraud

2

already committed, are police or regulatory laws." United States v. X, Inc., 246 B.R. 817, 818 (E.D. Va. 2000); see also United States v. Worldwide Fin. Servs., Inc., No. 01-70414, 2007 WL 4180718 (E.D. Mich. November 26, 2007); United States v. Oncology Assocs., P.C., Nos. CIV. H–95–2241, CIV. H–00–1216, CIV. H–00–1569, 2000 WL 1074304 (D. Md. July 24, 2000); United States v. Mickman, 144 B.R. 259 (E.D. Pa. 1992); United States v. NBI, Inc., 142 B.R. 1, 3 (D.D.C. 1992) (permitting qui tam relator's action to fix attorney's fees, costs and expenses); United States v. Burton, 132 B.R. 968 (S.D. Ala. 1991). Moreover, the legislative history of § 362(b)(4) explicitly recognized that a fraud law is a police or regulatory law. See S. Rep. No. 989 at 52 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5838. The FCA is certainly a fraud law. Commonwealth Cos., 913 F.2d at 525 (citing S. Rep. No. 345, 99th Cong., 2d Sess. 2, reprinted in 1986 U.S.C.C.A.N. 5266, 5266 (stating that 1986 amendments to FCA are intended to make the statute more useful as "the [g]overnment's primary litigative tool for combatting fraud")).

      The seminal case on this issue is Commonwealth Cos., wherein the Eighth Circuit held that the government's proposed FCA action against the debtors was excepted from the automatic stay under § 362(b)(4) up through the entry of a money judgment. 913 F.2d at 527. In reaching this decision, the Eighth Circuit "conclude[d] that civil actions by the government to enforce the FCA serve to inflict the 'sting of punishment' on wrongdoers and, more importantly, deter fraud against the government, which Congress has recognized as a severe, pervasive, and expanding national problem." Id. at 526. Therefore, the "police and regulatory interests furthered by enforcement of the FCA are undeniably legitimate and substantial." Id. at 526.

Accordingly, this FCA action falls within the police and regulatory exception to the automatic stay. 11U.S.C. § 362(b)(4). This should proceed as scheduled.

## **CONCLUSION**

Based on the foregoing, this False Claims Act case should proceed as scheduled, notwithstanding Defendants' Amended Suggestion of Bankruptcy.

Dated: April 22, 2016.   Respectfully submitted,

**Benjamin C. Mizer**
Assistant Attorney General
Civil Division

**A. Lee Bentley, III**
United States Attorney

By: *s/ Sean P. Flynn*
**Sean P. Flynn**
Deputy Chief, Civil Division
Assistant United States Attorney
USAO 111
400 North Tampa Street, Suite 3200
Tampa, FL  33602
Telephone: (813) 274–6000
Facsimile: (813) 274–6200
Sean.Flynn2@usdoj.gov

**Michael D. Granston**
**Tracy L. Hilmer**
**Eva U. Gunasekera**
**Adam R. Tarosky**
Civil Division
Commercial Litigation Branch
P.O. Box 261
Ben Franklin Station
Washington, DC  20044
Telephone: (202) 307–0404
Facsimile: (202) 307–3852

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2016, a copy of the foregoing was filed with the Court and served on all counsel of record via CM/ECF.

*s/ Sean P. Flynn*
**Sean P. Flynn**
Assistant United States Attorney