# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

UNITED STATES OF AMERICA *ex rel.*
ROBERT A. GREEN; STATE OF
FLORIDA *ex rel.* HOLLY TAYLOR,

      Plaintiffs,

v.   Case No. 5:11-cv-406-Oc-37TBS

INSTITUTE OF CARDIOVASCULAR
EXCELLENCE, PLLC; ICE HOLDINGS,
PLLC; ASAD ULLAH QAMAR; and
HUMERA A. QAMAR,

      Defendants.

## ORDER

This cause is before the Court on the following:

1. Defendants' Motion for Reconsideration of Order Pursuant to Fed. R. Civ. P. 54(b) (Doc. 95), filed April 29, 2016; and

2. United States' Response in Opposition to Defendants' Motion for Reconsideration of Order Pursuant to Fed. R. Civ. P. 54(b) and Incorporated Memorandum of Law (Doc. 98), filed May 13, 2016.

Upon notification that the Defendants in this False Claims Act ("**FCA**") *qui tam* action ("**Instant Action**") had filed for Chapter 11 bankruptcy (*see* Doc. 90), the Court considered whether the Instant Action was subject to the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362(a) ("**Issue**"). The Court took the Issue under advisement based on Defendants' Suggestion of Bankruptcy (Doc. 90)—which indicated their belief that the Instant Action was automatically stayed—and the United States' Response to the Suggestion of Bankruptcy (Doc. 91 ("**Response**")). Absent binding authority, the Court

was persuaded by the rationale that FCA actions are exempt from the automatic stay through entry of judgment; thus, it declined to stay the Instant Action. (Doc. 94 ("**Order**").) The Order was docketed shortly after Defendants filed a reply to the Response (Doc. 93 ("**Reply**")). The Court did not consider the Reply when ruling on the Issue.

Defendants now move the Court to reconsider the Order pursuant to Federal Rule of Civil Procedure 54(b). (Doc. 95 ("**Motion**").) The United States opposes the Motion. (Doc. 98.) The matter is ripe for adjudication.

Rule 54(b) permits the Court to revise interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "While Rule 54(b) does not provide specific grounds for revision, a court has the inherent power to revise its orders in the interest of justice." *CSX Transp., Inc. v. City of Pensacola, Fla.*, 936 F. Supp. 885, 889 (N.D. Fla. 1995).

> Courts in this Circuit recognize three grounds for reconsideration of prior orders under Rule 54(b): (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice.

*Iqbal v. Dep't of Justice*, No. 3:11-cv-369-J-37JBT, 2014 WL 169867, at *9 n.18 (M.D. Fla. Jan. 15, 2014).

Defendants maintain that reconsideration is necessary to prevent "manifest injustice." (Doc. 95.) Specifically, Defendants argue that the Suggestion of Bankruptcy was simply a notice to the Court and was not a request for relief; thus: (1) the Response should be construed as a motion seeking a determination of the scope of the Bankruptcy Code's automatic stay provision and requesting that the Court decline to stay the action; (2) the Reply should be construed as a response; and (3) and to satisfy due process, the

2

Court should consider the Reply. (*Id.*) While the Court does not necessarily agree with Defendants' argument, in the interest of justice and to fully ensure Defendants are afforded due process, the Court finds that reconsideration is warranted. The Court, therefore, takes the Issue under advisement again.

After considering the arguments raised in the Reply, the Court reaches the same outcome—that a stay of the action is not warranted. First, Defendants concede that this Court has concurrent jurisdiction with the bankruptcy court to determine the Issue and that this Court is "considerably more competent" to do so. (Doc. 93, pp. 1–2.) Second, Defendants fail to cite any binding authority contradicting the persuasive rationale that FCA actions are exempt from the automatic stay through the entry of judgment.[1] (*See id.* (lacking authority for any such proposition)); *but see In re Commonwealth Cos., Inc.*, 913 F.2d 518, 527 (8th Cir. 1990) (providing persuasive authority for exemption); *In re Bilzerian*, 146 B.R. 871, 873 (M.D. Fla. 1992) (same). As such, the Court affirms its conclusion in the Order.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion for Reconsideration of Order Pursuant to Fed. R. Civ. P. 54(b) (Doc. 95) is **GRANTED**.

---

[1] Defendants incorporate by reference their arguments relating to the Issue in the emergency motions that they filed with the bankruptcy court ("**Bankruptcy Motions**"); however, the Bankruptcy Motions were not attached to the Reply.

The United States' indicated that Defendants' Bankruptcy Motions relied on *In re Bicoastal Corporation*, 118 B.R. 854 (M.D. Fla. 1990)—a case in which U.S. Bankruptcy Court Judge Alexander L. Paskey found that an FCA action brought by the Government was not exempt from the automatic stay provision. (*See* Doc. 98, p. 4.) The Court previously considered and declined to follow the holding of *In re Bicoastal Corporation* in light of the more persuasive rationale from the Eighth Circuit and Judge Paskey's subsequent and contrary ruling in *In re Bilzerian*.

2. Upon reconsideration, the Court affirms the conclusion in its April 26, 2016 Order (Doc. 94). As such, the Instant Action shall proceed through the entry of judgment.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 16, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record